**614**

UNITED STATES of America,

v.

**Robert CARUCCI, Defendant.**

**No. 98 CR. 448(JSR).**

United States District Court,
S.D. New York.

Jan. 15, 1999.

Rose Gill, Asst. U.S. Atty., New York City, for Government.

Harlan A. Levy, New York City, for defendant.

*AMENDED MEMORANDUM ORDER*

RAKOFF, District Judge.

In connection with the ongoing sentencing hearing in this case, the Court recently ordered disclosure to defendant Robert Carucci, pursuant to Fed.R.Crim.P. 16(a)(1)(A), of a Government agent's notes of statements made by Carucci during a pre-prosecution interview. Although the parties' arguments and the Court's ruling were presented in a telephone conference, this Memorandum Order will briefly elaborate the Court's reasoning.

Defendant's request for disclosure under Rule 16(a)(1)(A) is somewhat unusual, in that it was made after Carucci, pursuant to a plea bargain with the Government, pleaded guilty to a one-count Information charging him with engaging in illegal trading on the floor of the New York Stock Exchange. However, under the plea agreement, Carucci reserved the right to seek, and the Government reserved the right to oppose, a downward departure from the otherwise applicable sentencing range on the basis of a diminished mental capacity resulting from a "chronic gambling addiction." After receiving written submissions on the proposed departure, the Court convened an evidentiary hearing. *See United ed States v. Fatico,* 579 F.2d 707 (2d Cir. 1978).

Following the first day of the hearing, and after advising the Court that his client would be testifying at the continuation of the hearing a few days later, defendant's counsel requested disclosure of the Government's contemporaneous notes of a pre-prosecution statement made by Carucci to Government agents. The request was made under Rule 16(a)(1)(A), which expressly requires the Government, upon request of a defendant, to "disclose to the defendant and make available for inspection, copying, or photographing ... that portion of any written record containing the substance of any relevant oral statements made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent...." Fed.R.Crim.P. 16(a)(1)(A).

By operation of Rule 1, Fed.R.Crim.P., Rule 16(a)(1)(A), unless otherwise limited, applies to all criminal proceedings (including sentencing). Nonetheless, in its telephonic argument to the Court, the Government resisted production on the ground that Rule 16(a)(1)(A), despite its unqualified language, applies only to pre-trial disclosure and not to pre-sentence disclosure. In support of this interpretation, the Government offered three

arguments, none of which the Court found persuasive.

First, the Government, citing *United States v. Armstrong,* 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996), and *United States v. Stevens,* 985 F.2d 1175 (2d Cir. 1993), argued that the defendant had failed to show that the requested notes were material to the defendant's defense. However, the language in those cases on which the Government relied pertained to requests, not for statements covered by Rule 16(a)(1)(*A*), but for other documents covered by Rule 16(a)(1)(*C*), which are discoverable, in the words of that subsection, only if they "are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial." Fed.R.Crim.P. 16(a)(1)(C). Rule 16(a)(1)(A) contains no such limitation.

Second, the Government argued that since Rule 16(c) imposes on both sides to a criminal case a continuing duty to disclose "prior to or during trial" any Rule 16 discovery previously requested (including Rule 16(a)(1)(A) statements), by negative implication such statements need not be disclosed at some later stage, such as at sentencing. But the purpose of Rule 16(c) is simply to obviate the need for a party to repeat a previously-made Rule 16 discovery request while discovery is still ongoing. Where, in a guilty-plea situation such as here, there is no occasion to make a Rule 16(a)(1)(A) request until the time of sentencing, Rule 16(c) has no applicability or relevance.

Third and finally, the Government argues that disclosing Rule 16(a)(1)(A) statements to a defendant before he takes the stand at a sentencing hearing raises a serious risk that he will try to tailor his testimony to the prior statements. This argument implicitly presupposes that a defendant's reasons for requesting pre-sentence disclosure of reports of his oral statements, such as refreshing his own recollection, contesting inaccuracies in the reports, or preparing to meet alleged inconsistencies between his prior statements and his proposed testimony at the sentencing hearing, are somehow illegitimate, a view wholly inconsistent with the premises of the adversary system. Moreover, the Government's argument proves too much, for the danger of "tailoring" applies as much to the required pretrial disclosure of Rule 16(a)(1)(A) statements as to the contested pre-sentence disclosure. Indeed, if anything, the risk to the Government from such presupposed "tailoring" by the defendant is of less significance in a sentencing hearing, where the Government's burden of proof (if any) is a preponderance of the evidence, than in a trial, where the Government must prove its case beyond a reasonable doubt.

Most critically, all of the Government's arguments either ignore or seek to override the unambiguous and unequivocal language of Rule 16(a)(1)(A), which, in notable contrast to other subsections of Rule 16, makes no distinction between various phases of a criminal case. The plain language of Rule 16(a)(1)(A) is, however, binding on the Court.

For the foregoing reasons, the Court's prior determination requiring the Government to disclose to defendant Carucci the Government agent's notes of the defendant's prior interview is hereby reconfirmed.

SO ORDERED.